The opinion of the Court was delivered by
Mr. Justice Gantt.
It is proper to remark that the first ground was taken on the trial below, and was there contended to be immaterial whether the plaintiff came to the possession of the negroes by the delivery of the defendant, or by purchase at She *186 riff’s sale: That the latter mode of coming at the possession of the negroes, would operate in law as a virtual fulfilment of the terms of the verdict. It is not pretended that the defendant did ever voluntarily put the plaintiff in possession of these negroes; on the contrary, during all the time, from May, 1807, to August, 1811, (four years and three months,) he discovered no disposition to avail himself of the alternative, held out to him by the verdict of the Jury, for delivering up those negroes in satisfaction of the sum recovered; and the - argument here, on this ground, is still predicated on the supposed legal effect of possession acquired under the Sheriff’s sale, and is considered as being tantamount to a delivery by the defendant himself. The fallacy of such conclusion will be strikingly obvious from the slightest examination. By a verdict in trover, the property converted is no longer in the plaintiff, but has passed, by operation of law, to the defendant; the Jury have no power to divest him of this legal right, by any accompaniment attached to their verdict, not sanctioned by law. The plaintiff can recover damages merely in this action for the injury which has been done him. It sometimes happens, however, where a plaintiff is willing to take back the property, or where justice seems to sanction the proceeding from special circumstances, that a Jury will find such a verdict as was given in this case. The law, for many years past, has been seen to look *187 down with complacency, and, perhaps, delight, at every endeavour to promote the principies of J . . r • i i ’ justice and right, in a way which shall be least oppressive to its votaries, and, therefore, seemed to sanction this form of verdict; a verdict which imparts to the defendant the choice of availing himself of either alternative; but it will not suffer its benignity to be trifled with, or insulted. It regards the delay as the denial of justice, and, therefore, if the property is not returned within a reasonable time, by which is to be understood so much only as is necessary for that purpose under existing circumstances, the plaintiffis no longer restrained by the terms of the verdict, but may immediately after avail himself of the justice of the law, in calling on the defendant for the damages awarded against him. This privilege the plaintiff was in the act of enforcing by his execution, when he was impeded in his course by the application which the defendant made to the Court of Equity. For four years and upwards the plaintiff was prevented from coming at the fruits of his judgment; at length, the case not being tenable in equity, the defendant is consigned back to law : the plaintiff proceeds with his execution ; the negroes are sold under it, and are purchased by the plaintiff; the law, therefore, and not the defendant, has given the plaintiff the possession and right of property in the negroes in question; a right which before was in the defendant ; and the act and operation of law work *188 ing by constraint upon the defendant, and in direct opposition to his will, can, in no correct sense, be taken for the act and choice of the defendant himself The first ground, therefore, in this brief is entitled to no weight or consideration, either as a ground of nonsuit, or for a new trial.
There is something of complexity in the second ground as taken, and the inference intended to be drawn from it, not very intelligible. If by it is to be understood, that the plaintiff’s possession of those negroes is not a legal one, by reason of the levy having been made upon them by the Deputy Sheriff, and not the Sheriff himself, it would seem to contravene the purport and object of the first ground as taken.
By whomsoever the levy may have been made, the sale in virtue of it was the mean by which the plaintiff became possessed of the negroes; and the defendant relies in his first ground on the efficacy of this delivery in law, to exonerate him from all further responsibility. The legality, or illegality of the levy, however, is not a question before this Court on the present appeal. Had it been deemed expedient^ the question might have been made in the action of trover, on a motion to set aside the execution for that cause; but in the present case it certainly affords conclusive evidence to show that the condition of the original verdict had not been com-' plied with, whether the levy made was legal oí *189 illegal. I therefore see nothing in this ground which could justify a nonsuit or new trial.
On the third ground, that the verdict was contrary to law and evidence, I have only to remark, that from the preceding observations, 1 am of opinion that it is consistent with both.
Grimké, Bay, ColcocTc, apd Johnson, J. concurred.